UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61726-CIV-DIMITROULEAS

RUDOLPH BETANCOURT,

    Plaintiff,

vs.

IZQUIERDO DEVELOPMENTS, CORP.,

    Defendant.
_____/

**FINAL DEFAULT JUDGMENT AND ORDER GRANTING PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES, COSTS, AND EXPERT FEES AGAINST DEFENDANT IZQUIERDO DEVELOPMENTS, CORP.**

THIS CAUSE is before the Court on Plaintiff, Rudolph Betancourt ("Plaintiff")'s Verified Motion for Default Judgment and Plaintiff's Verified Application for Reasonable Attorney's Fees and Costs (the "Motion"), filed October 31, 2023 [DE 14]. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises.

The Court granted the Motion in an Order entered separately today. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Default judgment is hereby entered in favor of Plaintiff RUDOLPH BETANCOURT and against Defendant IZQUIERDO DEVELOPMENTS, CORP.

2. The Court herby **ENJOINS** Defendant, IZQUIERDO DEVELOPMENTS, CORP., from continuing his discriminatory practices, and ORDERS Defendant, IZQUIERDO DEVELOPMENTS, CORP., to alter the property located 5600 Washington St.,

Hollywood, FL 33023 ("the Subject Property") and to comply with 42 U.S.C. § 12181, et seq., by remediating the following violations:

**Accessible Routes**

1. There is no accessible route provided from the public streets and sidewalks to the entrances they serve making it difficult for the plaintiff to traverse, in violation of section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The facility does not provide a compliant accessible route to the entrance due to the non-compliant ramp and the cars parked on the marked route from the access aisle making it difficult for the plaintiff to traverse, in violation of sections 206.2.1 and 502.7 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The curb ramp exceeds the maximum running slope allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The curb ramp has side flares that exceed the maximum slope allowance of 10% making if difficult for the plaintiff to utilize, in violation of section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The walkway leading to the restrooms does not provide 36 inches of clear width and is obstructed by the ice machine making it difficult for the plaintiff to traverse, in violation of sections 206.2.2 and 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Parking**

6. The ground surface for the accessible parking stall and access aisle is not maintained making it difficult for the plaintiff to traverse in violation of section 36.211 of the 28 CFR Part 36, whose resolution is readily achievable.

7. The accessible parking stall does not provide signage with the International Symbol of Accessibility (ISA) making it difficult for the plaintiff to identify as accessible, in violation of sections 502.6 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The accessible parking stall does not provide a compliant access aisle due to the dumpster obstructing the full length of the access aisle making it difficult for the plaintiff to utilize, in violation of sections 302, 502.3, 502.3.2, and 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Gas Pumps**

9. The self-serve window washer station does not provide compliant ground space for an approach making it difficult for the plaintiff to utilize, in violation of sections 305.5 and 305.6 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The sales counter and card reader exceed the maximum height requirement of 36 inches above the finish floor and does not have the required clear floor space for a forward or parallel approach making it difficult for the plaintiff to reach, in violation of sections 305.5, 305.6, 309.3, 904.4.1, and 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

The above-referenced alterations and modifications shall be completed in all respects by **April 30, 2024**. If the alterations and modifications are not completed in all respects by April 30, 2024, then Defendant, IZQUIERDO DEVELOPMENTS, CORP., shall be subject to reasonable sanctions to compel compliance with this Default Final Judgment. Said sanctions may include but not be limited to per diem fines and/or the closing of the premises until said modifications are completed.

3. The Court enters an award in favor of Plaintiff and, against the Defendant, IZQUIERDO DEVELOPMENTS, CORP., in the total amount of **Eight-Thousand, Two-Hundred and Seventy Dollars and Eighteen Cents ($8,270.18)**, which includes Plaintiff's attorney's fees in the amount of Five-Thousand, Seven-Hundred and Ninety-Seven Dollars and Fifty Cents ($5,797.50) plus an award in the amount of Two-Thousand, Four-Hundred and Seventy-Two Dollars and Sixty-Eight Cents ($2,472.68) for legal costs and expenses—for which let execution issue forthwith.

4. The Court retains jurisdiction of the above-styled action to permit Plaintiff to seek additional attorney's fees and costs and to assure Defendant, IZQUIERDO DEVELOPMENTS, CORP., subsequent compliance with this Judgment and the Americans with Disabilities Act.

5. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

6. The Clerk shall **MAIL** a copy of this Order to Defendant IZQUIERDO DEVELOPMENTS, CORP. at the address below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of November, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record

IZQUIERDO DEVELOPMENTS, CORP.
c/o Registered Agent: Henry D. Izquierdo
5600 Washington St.
Hollywood, FL 33023